[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 96-1562

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 FELIX A. MARTES-REYES,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. P rez-Gim nez, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 

 Campbell, Senior Circuit Judge, 

 and Lagueux*, District Judge. 

 

 Rafael Anglada-Lopez on brief for appellant. 
 Guillermo Gil , United States Attorney, Jos A. Quiles- 
Espinosa, Senior Litigation Counsel, Sonia I. Torres and Nelson 
P rez-Sosa, Assistant United States Attorneys, on brief for the 
United States.

 

 June 10, 1997

 

 
*Of the District of Rhode Island, sitting by designation.

 Per Curiam. This is a single-issue sentencing appeal. Per Curiam. 

Affording de novo review to the district court's interpretation

of the sentencing guidelines and its application of governing

legal principles, see United States v. Lindia, 82 F.3d 1154, 1159 

(1st Cir. 1996), we conclude that the court did not err in

sentencing the appellant to 18 months of imprisonment after

revoking his probation.

 We set the stage. On October 14, 1992, a federal grand

jury sitting in Puerto Rico returned an indictment charging the

appellant with attempting to use an altered United States

passport while applying for admission to the United States. See 

18 U.S.C. 1543. After some preliminary skirmishing, not

relevant here, the appellant pled guilty. On December 18, 1992,

the court sentenced the appellant to 36 months probation. The

conditions of his probation included the following: the

appellant, while on probation, would neither commit another crime

nor illegally possess a controlled substance, and, if deported or

granted voluntary departure, he would remain outside the United

States unless he obtained prior written authorization from the

pertinent authorities and met other benchmarks.

 On August 24, 1995, the appellant's probation officer

notified the district court that the appellant had violated these

conditions. The probation officer reported that, in 1994, the

appellant had been arrested and convicted in New York for selling

cocaine; and that, on March 1, 1995, Customs agents had arrested

and charged him with unlawful entry, false use of a passport, and

 2

misuse of a visa.

 On September 21, 1995, the district court held a show-

cause hearing at which the court found that probable cause

existed to believe that the appellant had violated the conditions

of his probation. On October 5, 1995, the court held a further

hearing. At the conclusion of this hearing, the court revoked

the term of probation which had been imposed in 1992 and

sentenced the appellant to 18 months imprisonment. This appeal

followed.

 Revocation of probation is governed generally by 18

U.S.C. 3565(b) and the policy statements contained in USSG

 7B1.3. Policy statements are advisory in nature, see USSG Ch.7, 

Pt.A, intro. comment.; United States v. O'Neil, 11 F.3d 292, 301 

(1st Cir. 1993), but when correctly applied they carry great

weight. See Stinson v. United States, 508 U.S. 36, 42 (1993); 

United States v. Piper, 35 F.3d 611, 617 (1st Cir. 1994). Under 

them, revocation of probation is mandatory if the defendant

commits a Grade A violation, see USSG 7B1.3(a)(1), such as a 

controlled substance offense. See 18 U.S.C. 3565(b)(1); see 

also 18 U.S.C. 3563(a)(3); USSG 7B1.1(a)(1)(ii). Distributing 

a controlled substance constitutes a controlled substance offense

for this purpose. See USSG 4B1.2(2). 

 Viewed against this backdrop, the appeal is easily

resolved. The New York conviction for selling cocaine

constituted all that was needed to revoke the appellant's

probation. See 18 U.S.C. 3565(b)(1); USSG 7B1.3(a)(1); see 

 3

also USSG 4B1.2(2). The appellant's glossover of the cocaine 

sale and his concomitant attempt to portray himself as having

committed only a Grade B violation is disingenuous. The short of

the matter is that the cocaine sale constituted a Grade A

violation, carrying with it a suggested range of 12 to 18 months

of imprisonment in the ensuing revocation-of-probation

proceeding. See USSG 7B1.4(a). The sentence that the district 

court meted out is within this range and is, therefore, entirely

appropriate.1

 We need go no further. For the reasons discussed

herein, the appellant's sentence is summarily affirmed. See 1st 

Cir. R.27.1.

  

 1In his reply brief, the appellant takes a different tack.
He contends that he should have been sentenced based on a Grade B
violation because the drug offense that led to the revocation of
probation occurred before the district court imposed the
probationary sentence. This contention confuses the facts. The
court sentenced the appellant to serve a term of probation in
1992. The drug offense transpired almost two years later.

 4